UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| NIPPONKOA INSURANCE COMPANY, LTD., ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 3:09-cv-168-RLY-WGH |
| ) | |
| ATLAS VAN LINES, INC., ) | |
| Defendant. ) | |

**ENTRY AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT and PLAINTIFF'S REQUEST FOR ORAL ARGUMENT**

Toshiba American Medical Systems ("TAMS") is a medical supply company based in California. TAMS hired the services of Comtrans, Ltd. ("Comtrans") to coordinate the movement of its medical equipment to a 2008 RNSA trade show in Chicago, Illinois. Because Comtrans is not a licensed interstate motor carrier, its affiliate, Alternative Carrier Source, Inc. ("ACS"), arranged for Atlas Van Lines, Inc. ("Atlas") to move the goods interstate to Chicago. On November 19, 2008, the Atlas truck carrying the shipment was involved in a wreck, resulting in a loss to TAMS of medical equipment worth over $1,050,000. TAMS' insurance company, Nipponkoa Insurance Company, Inc. ("Plaintiff"), brings this subrogation action on behalf of TAMS.

The issue in this case is whether the limitation of liability provision contained within the contract between ACS and Atlas (the "ACS Contract") controls. Paragraph 4 of the contract provides:

1

> Released Rate: Shipper acknowledges that the tariff includes a choice of liability options. Unless shipper specifically requests a different provision with respect to any single shipment, shipper releases all shipments transported under this contract to Carrier with its maximum liability to be $.60 per pound until Item 190 of the Tariff. Carrier is not required to take any further action for this released rate to be effective, including issuing a bill of lading reflecting it.

(Defendant's Ex. 4). Based upon this paragraph of the ACS Contract, Atlas contends that it is only liable for $.60 per pound in damages. Plaintiff contends that the ACS Contract does not control, and that it is entitled to over $1 million in damages.

As a motor carrier subject to Surface Transportation Board jurisdiction, Atlas' cargo claims are governed by the provisions of the Carmack Amendment, 49 U.S.C. § 14706. While generally under this statute a motor carrier is liable for "the actual loss or injury to the property," 49 U.S.C. § 14706(a)(1), the Carmack Amendment contains a provision which allows a carrier like Atlas to limit its liability if rate and liability choice are offered to the shipper and the shipper expressly agrees in writing to a limitation in exchange for lower freight rates before shipment. 49 U.S.C. § 14706(c)(1)(A). That Section provides:

> [A] carrier providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 may, subject to the provisions of this chapter (including with respect to a motor carrier, the requirements of section 13710(a)), establish rates for the transportation of property . . . under which the liability of the carrier for such property is limited to a value established by a written or electronic declaration of the shipper or by written agreement between the carrier and the shipper if that value would be reasonable under the circumstances surrounding the transportation.

In order to determine whether a carrier like Atlas has limited its liability under the Carmack Amendment, the carrier must: (1) maintain approved tariff rates with the

2

Interstate Commerce Commission ("ICC")[1]; (2) give a shipper a fair opportunity to choose between two or more levels of liability; (3) obtain the shipper's agreement as to its choice of liability, and (4) issue a bill of lading or receipt prior to moving the shipment. *Hughes v. United Van Lines, Inc.*, 829 F.2d 1407, 1415 (7th Cir. 1987). This case revolves around the second and third parts of the test – i.e., whether the shipper had a fair opportunity to choose between two or more levels of liability and whether the carrier obtained the shipper's agreement as to its choice of liability.

The evidence viewed in the light most favorable to the Plaintiff reflects that TAMS did not enter into a written agreement authorizing Atlas to limit its liability with respect to the shipment at issue in this case. Atlas contends that this fact does not preclude the entry of summary judgment in its favor, as TAMS is bound by the terms of the ACS Contract. In support of this proposition, Atlas cites the court to *Norfolk & S. Ry. Co. v. Kirby*, 125 S.Ct. 385 (2004), *Kawasaki Kisen Kaisha Ltd. et al. v. Regal-Beloit*, 130 S.Ct. 2433 (2010), and *Werner Enterprises v. Westwind Marine Int'l*, 554 F.3d 1319 (11th Cir. 2009), which hold that a shipper is bound by the terms, including liability limitations, negotiated with downstream carriers by intermediaries to whom a shipper entrusts its freight. Plaintiff is correct in pointing out that in each of these cases, however, the shipper had (1) agreed to a limitation in writing with the initial carrier and (2) gave explicit authority to the initial carrier to enter into downstream limitation of liability

---

[1] As the ICC no longer exists, part one of the test is no longer applicable. *Spray-Tek, Inc. v. Robinson Motor Transp.*, 426 F. Supp. 2d 875, 884 (W.D. Wis. 2006).

agreements on its behalf in a Himalaya clause.[2] The evidence viewed in the light most favorable to Plaintiff reflects that these two events did not happen here. Because "actual notice is necessary for a limitation to be enforced," *Just Take Action, Inc. v. GST (Americas) Inc.*, 2005 WL 1080597, at *8 (D. Minn. May 6, 2005) (quoting *Tempel Steel Corp. v. Landstar Inway, Inc.*, 211 F.3d 1029, 1030 (7th Cir. 2000)), the court finds a genuine issue of material fact exists as to whether Atlas limited its liability in conformance with the Carmack Amendment. Accordingly, the court **DENIES** Atlas's motion for summary judgment (Docket # 54). Plaintiff's request for oral argument (Docket # 70) is likewise **DENIED**.

**SO ORDERED** this __19th__ day of January 2011.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Thomas M. Eagan
MALOOF BROWNE & EAGAN LLC
teagan@maloofandbrowne.com

---

[2] In *Kirby*, Justice O'Connor explained that "[c]lauses extending liability limitations take their name from an English case involving a steamship called *Himalaya*." 125 S.Ct. at 391, n.2 (citing *Adler v. Dickson*, [1955] 1 Q.B. 158 (C.A.)).

Jacqueline M. James
MALOOF BROWNE & EAGAN LLC
jjames@maloofandbrowne.com

David Thomas Maloof
MALOOF BROWNE & EAGAN LLC
dmaloof@maloofandbrowne.com

Nelson A. Nettles
NORRIS CHOPLIN & SCHROEDER LLP
nnettles@ncs-law.com

David Robert Sauvey
dsauvey@tdln.org

Peter A. Schroeder
NORRIS CHOPLIN & SCHROEDER LLP
pschroeder@ncs-law.com