UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION


NIPPONKOA INSURANCE COMPANY, )
LTD., )
              Plaintiff, )
               )
        vs. )                3:09-cv-168-RLY-WGH
               )
ATLAS VAN LINES, INC., )
              Defendant. )


**ENTRY AND ORDER ON DEFENDANT'S MOTION TO RECONSIDER THE
ORDER DATED JANUARY 19, 2011 OR, IN THE ALTERNATIVE, TO ALLOW
AN INTERLOCUTORY APPEAL**

Defendant, Atlas Van Lines, Inc. ("Atlas"), moves the court to reconsider its Order

denying its motion for partial summary judgment regarding the extent of Atlas' liability to

the plaintiff, Nipponkoa Insurance Company, Inc. ("Plaintiff"), dated January 19, 2011.

In the alternative, Atlas moves the court to allow it to file an interlocutory appeal of the

Order to the Seventh Circuit Court of Appeals.   For the reasons set forth below, Atlas'

motion to reconsider is **GRANTED**.

Toshiba American Medical Systems ("TAMS") is a medical supply company

based in California.  TAMS hired the services of Comtrans, Ltd. ("Comtrans") to

coordinate the movement of its medical equipment from Lake Forest, California, to a

2008 RNSA trade show in Chicago, Illinois.  Because Comtrans is not a licensed

interstate motor carrier, its affiliate, Alternative Carrier Source, Inc. ("ACS"), arranged

for Atlas to move the goods interstate to Chicago. On November 19, 2008, the Atlas truck carrying the shipment was involved in a wreck, resulting in a loss to TAMS of medical equipment worth over $1,050,000. Plaintiff brings this subrogation action on behalf of TAMS.

The issue in this case is whether the limitation of liability provision contained within the contract between ACS and Atlas (the "ACS Contract") controls. Paragraph 4 of the contract provides:

> Released Rate: Shipper acknowledges that the Tariff includes a choice of liability options. Unless shipper specifically requests a different provision with respect to any single shipment, shipper releases all shipments transported under this Contract to Carrier with its maximum liability to be $.60 per pound under Item 190 of the Tariff. Carrier is not required to take any further action for this released rate to be effective, including issuing a bill of lading reflecting it.

(Docket # 58, ACS-Atlas Contract, Defendant's Ex. 4). Based upon this paragraph of the ACS Contract, Atlas contends that it is only liable for $.60 per pound in damages. Plaintiff contends that the ACS Contract does not control, and that it is entitled to over $1 million in damages.

As a motor carrier subject to Surface Transportation Board jurisdiction, Atlas' cargo claims are governed by the provisions of the Carmack Amendment, 49 U.S.C. § 14706. While generally under this statute a motor carrier is liable for "the actual loss or injury to the property," 49 U.S.C. § 14706(a)(1), the Carmack Amendment contains a provision which allows a carrier like Atlas to limit its liability if rate and liability choice are offered to the shipper and the shipper expressly agrees in writing to a limitation in

exchange for lower freight rates before shipment.  49 U.S.C. § 14706(c)(1)(A).  That

Section provides:

> [A] carrier providing transportation or service subject to jurisdiction under
> subchapter I or III of chapter 135 may, subject to the provisions of this
> chapter (including with respect to a motor carrier, the requirements of
> section 13710(a)), establish rates for the transportation of property . . .
> under which the liability of the carrier for such property is limited to a value
> established by a written or electronic declaration of the shipper or by
> written agreement between the carrier and the shipper if that value would be
> reasonable under the circumstances surrounding the transportation.

In order to determine whether a carrier like Atlas has limited its liability under the

Carmack Amendment, the carrier must: (1) maintain approved tariff rates with the

Interstate Commerce Commission ("ICC")[1]; (2) give a shipper a fair opportunity to

choose between two or more levels of liability; (3) obtain the shipper's agreement as to its

choice of liability, and (4) issue a bill of lading or receipt prior to moving the shipment.

*Hughes v. United Van Lines, Inc.*, 829 F.2d 1407, 1415 (7th Cir. 1987).  This case

revolves around the second and third parts of the test – i.e., whether the shipper had a fair

opportunity to choose between two or more levels of liability and whether the carrier

obtained the shipper's agreement as to its choice of liability.

In the court's summary judgment Order, the court found that an issue of fact

existed as to whether Atlas limited its liability in conformance with the Carmack

Amendment.  In arriving at this conclusion, the court found that TAMS did not enter into

---

[1] As the ICC no longer exists, part one of the test is no longer applicable.  *Spray-Tek, Inc. v. Robinson Motor Transp.*, 426 F. Supp. 2d 875, 884 (W.D. Wis. 2006).

a written agreement authorizing Atlas to limit its liability with respect to the shipment at issue in this case. This interpretation of the controlling case law was in error. *Norfolk & S. Ry. Co. v. Kirby*, 125 S.Ct. 385 (2004), *Kawasaki Kisen Kaisha Ltd. et al. v. Regal-Beloit*, 130 S.Ct. 2433 (2010), *Great Northern R. Co. v. O'Connor*, 232 U.S. 508 (1914), and an Eleventh Circuit opinion, *Werner Enterprises, Inc. v. Westwind Maritime Int'l, Inc.*, 554 F.3d 1319 (11th Cir. 2009), stand for the general proposition that a shipper is bound by the terms, including liability limitations, negotiated with downstream carriers by intermediaries to whom a shipper entrusts its freight. TAMS, having tendered its medical equipment to Comtrans for transport from Lake Forest, California, to Chicago, Illinois, is bound by the contract that the downstream carrier, Atlas, entered into with ACS, which limited Atlas' liability to $ .60 per pound. (*See* Docket # 58, ACS-Atlas Contract, Defendant's Ex. 4). The fact that TAMS did not know of the existence of this contract is irrelevant. Viewing the relevant contract as between ACS and Atlas, ACS, as the shipper, was given a reasonable opportunity to choose between two or more levels of liability, as denoted in the Atlas tariff, (*see* Docket # 58, Atlas Tariff 500, Defendant's Ex. 5), and Atlas obtained ACS' agreement as to its limitation of liability by tendering the shipment to Atlas.

Even if the ACS-Atlas contract was not controlling here, the Valuation Section of the Atlas bill of lading explicitly provided that the Atlas tariff was incorporated into the bill of lading, and that the shipper could choose between the released rate of 60 cents per pound, or declare a different value for the shipment. The bottom of the Valuation Section

reads, in bold, "IF NO DECLARATION IS MADE, THE SHIPMENT SHALL BE DEEMED RELEASED TO THE VALUE SET FORTH IN THE TARIFF." (*Id.*).  Here, the shipper, denominated as "Toshiba Medical% [sic]Comtrans," did not declare a different value, and thus, "Toshiba Medical% [sic]Comtrans" was bound by Atlas' released rate of $ .60 per pound.

The court, therefore, finds that it made a manifest error of law in denying Atlas' motion for partial summary judgment, *see Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir. 2003); *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000), and, pursuant to its inherent power, now **GRANTS** Atlas' motion to reconsider (Docket # 88).  *Peterson v. Lindner*, 765 F.2d 698, 704 (7th Cir. 1985) (quoting *Peterson v. Hanson*, 569 F. Supp. 694, 695 (W.D. Wis. 1983)) (where no final judgment has been rendered, the court considers a motion to reconsider under its "inherent power to modify or rescind interlocutory orders prior to final judgment.").  Atlas' liability to Plaintiff is therefore limited to $.60 cents per pound under Item 190 of the Tariff.


**SO ORDERED** this 23rd  day of August 2011.

_____
RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Thomas M. Eagan
MALOOF BROWNE & EAGAN LLC
teagan@maloofandbrowne.com

Jacqueline M. James
MALOOF BROWNE & EAGAN LLC
jjames@maloofandbrowne.com

David Thomas Maloof
MALOOF BROWNE & EAGAN LLC
dmaloof@maloofandbrowne.com

Nelson A. Nettles
NORRIS CHOPLIN & SCHROEDER  LLP
nnettles@ncs-law.com

David Robert Sauvey
dsauvey@tdln.org

Peter A. Schroeder
NORRIS CHOPLIN & SCHROEDER LLP
pschroeder@ncs-law.com